# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

02 AUG 21  AM 10: 07

··· DISTRICT COURT
N.D. OF ALABAMA

LAWRENCE I. PERRY, d/b/a          ]
PYRAMID CONSTRUCTION CO.,         ]
INC.,                            ]
                                 ]
    Plaintiff(s),               ]          CV-02-N-0145-W
                                 ]
    vs.                         ]
                                 ]
THE CITY OF BIRMINGHAM, et al.,   ]
                                 ]

    Defendant(s).

**ENTERED**

AUG 2 1 2002

### Memorandum of Opinion

Mr. Lawrence Perry brings this action *pro se*, claiming he was damaged by a

consent decree establishing, *inter alia*, an affirmative action plan for the City of Birmingham

which was entered into by the defendants in December of 1989 and confirmed by the

Circuit Court of Jefferson County in January 1990.

Mr. Perry avers he is a minority contractor doing business with the City of

Birmingham since 1979 who benefitted from Mayor David Vann's October 1977 regulation

requiring city contractors to expend at least 10 percent of their contract amount with certain

minority subcontractors or suppliers.[1]  In November 1977, the Associated General

Contractors of America, Alabama Branch, Inc. (AGC) and several Birmingham contractors

brought suit in the Circuit Court of Jefferson County, Alabama, claiming the regulation and

City Ordinances 77-81and 77-257, which granted the mayor the authority to promulgate the

regulation, violated the due process and equal protection guarantees of the United States

---

[1] The facts set out here were gleaned from Mr. Perry's complaint and amendments thereto, the consent decree attached to the complaint, and *Arrington v. Assoc. Gen. Contractors,* 403 So.2d 893 (Ala. 1981).



and Alabama Constitutions, federal statutes forbidding discrimination on account of race, and the state competitive bid law. The litigation culminated in a consent decree, approved by the court, in which the parties agreed the City would adopt, implement, and comply with the affirmative action plan described as "Birmingham Plan-Construction Industry Program," and the City Council would adopt and pass Ordinance 89-296, which would establish the Birmingham Construction Industry Authority and would supersede all affirmative action plans previously adopted by the City. Ordinance 89-296 was implemented on December 12, 1989. Mr. Perry complains that under Mayor Vann's regulation, he earned in excess of $55,000 per year from 1984 through 1989, and that after the implementation of the new affirmative action plan, he was no longer able to support his family. He avers that, as a result of his inability to support his family, his son dropped out of school and disappeared, his relationship with his daughter is strained because he was unable to support her college endeavors, and his wife divorced him. Without specifying any particular cause of action, he seeks nullification of the Birmingham Plan. (Docs. 1, 2, 16, 18).

The cause is before the court on motions to dismiss filed by all defendants. (Docs. 4, 6, 7, 8). The motions will be granted for the reasons set forth herein.

First, regardless of the type of claim Mr. Perry is bringing, his cause of action accrued long ago and his January 17, 2002, complaint is barred by any applicable statute of limitations.

Second, Mr. Perry does not have standing to sue for the injuries alleged in his complaint. To have standing to sue under Article III of the United States Constitution, a plaintiff must establish (1) injury in fact, (2) a causal connection between the plaintiff's harm

2

and the defendants' conduct, and (3) a likelihood that the requested relief will redress the alleged injury. *Tennessee Valley Authority v. United States Environmental Protection Agency*, 278 F.3d 1184, 1205 (11th Cir. 2002). The asserted injury must arise out of the invasion of a legally protected interest that is sufficiently concrete and particularized rather than abstract and indefinite. *Wooden v. Bd. of Regents*, 247 F.3d 1262, 1273-74 (11th Cir. 2001). In the typical challenge to an affirmative action program, the plaintiff's injury-in-fact is the inability to compete on an equal footing. *Wooden*, 247 F.3d at 1275, *citing Northeastern Florida Chapter, Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993). However, Mr. Perry is not complaining that the Birmingham Plan is a barrier to his ability to compete, he is complaining that the Birmingham Plan does not give him all the special opportunities accorded minority contractors under the former affirmative action plan. Thus, Mr. Perry cannot establish the first prerequisite for standing, since the Equal Protection Clause of the United States Constitution promises Mr. Perry equal treatment, and Mr. Perry has no legally protected interest in the preferential treatment he seeks.

Furthermore, Mr. Perry will not be able to show that his alleged injuries, the loss of personal income and family disturbances, were directly caused by the implementation of the Birmingham Plan. The alleged injuries are not sufficiently traceable to the defendants' implementation of the Birmingham Plan

Finally, the relief requested, nullification of the Birmingham Plan, will not redress Mr. Perry's alleged injuries. Elimination of the affirmative action plan presently used by the City of Birmingham would not return to him his income, spouse or children. To the extent Mr.

3

Perry seeks reinstatement of the former affirmative action plan, this court has neither the power nor the inclination to require the City to adopt a plan that would most likely violate the Equal Protection Clause. *See e.g. Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995); *Arrington v. Assoc. Gen. Contractors*, 403 So.2d 893 (Ala. 1981).

Accordingly, the defendants' motions to dismiss will be GRANTED, and this action will be dismissed. A separate order in conformity with this opinion will be entered.

Done, this _20th_ of August, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4